IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MOZAINA KOBAISY                                                                   PLAINTIFF

V.                                                                                                      3:11CV151-B-A

UNIVERSITY OF MISSISSIPPI, IKHLAS KHAN,
LARRY WALKER, BEVERLY M. BUTTS,
AND BARBARA L. WELLS                                           DEFENDANTS

**MEMORANDUM OPINION**

Presently before the court is the defendants' motion to dismiss and supplemental motions to dismiss. Upon due consideration of the motions, responses, exhibits, and supporting and opposing authority and having heard the parties' respective oral arguments in a hearing on January 14, 2013, the court is ready to rule.

Factual and Procedural Background

The plaintiff, a native of Syria, was employed as a research scientist with the University of Mississippi when, in January 2006, she was injured by a piece of laboratory equipment which exploded at her workplace. She was initially temporarily totally disabled and is now permanently partially disabled, having lost the use of one eye and suffering from other physical and mental impairment caused by the accident. On August 15, 2006, the plaintiff was placed on leave without pay. The status of the plaintiff afterward is unclear. She was not terminated. She did not resign, and she continued to remain on the employment roll as an employee of the University for several years. In December 2010, the plaintiff approached the University and requested to return to her former position. The University advised the plaintiff at that time that her job was no longer available and refused her request.

The plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination in violation of the Americans with Disabilities Act ("ADA"). The EEOC issued the plaintiff's right to sue letter on November 16, 2011. The plaintiff filed the present action on November 30, 2011, asserting violations of Section 1983, Title VII, and the ADA, and a civil conspiracy under state law. The defendants have moved to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). The court may find that it lacks subject matter jurisdiction in any one of three ways: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 160 (5th Cir. 2001). The party asserting jurisdiction carries the burden of proof for a Rule 12(b)(1) motion. *Id.* Ultimately, a Rule 12(b)(1) motion should be granted only if it appears that the plaintiff will be unable to prove any set of facts in support of his claim which would entitle him to relief. *Id.*

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a claim. *See* Fed. R. Civ. P. 12(b)(6). The motion is "viewed with disfavor and is rarely granted." *Lowery v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "The complaint is liberally construed in the plaintiff's favor, and all well-pleaded facts in the complaint are taken as true." *Priester v. Lowndes County*, 354 F.3d 414, 419 (5th Cir. 2004). "The determining issue is not whether the

plaintiff will ultimately prevail on the merits, but whether he is entitled to offer evidence to support his claim." *Priester*, 354 F.3d at 419 (citing *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). The court will "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Analysis

The plaintiff asserts that the defendants violated her constitutional rights under color of state law and is liable for their actions under Section 1983. It is well-established that the Eleventh Amendment to the Constitution bars suit against a state by its own citizens as well as by citizens of other states. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984). The immunity extends to state agencies, officials, and employees when "the state is the real, substantial party in interest." *Id.* (quoting *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464 (1945)).

The University of Mississippi is a public university created by statute and is an agency of the State of Mississippi. *See* Miss. Code Ann. § 37-101-1 and § 37-115-1. The University is an "arm of the State" and is entitled to immunity from suit in federal court absent consent or congressional abrogation. *McGarry v. Univ. of Miss. Med. Ctr.*, 355 Fed. Appx. 853, 856 (5th Cir. 2009). The court must therefore dismiss the plaintiff's claim against the University and its employees in their official capacity for money damages under Section 1983.

The court finds, however, that the *Ex Parte Young* exception may apply in this case. *See Ex Parte Young*, 209 U.S. 123 (1908). This exception to immunity allows suits for prospective

injunctive relief against individual defendants in their official capacities. The defendants assert that the plaintiff did not plead facts sufficient to invoke this exception and that she did not sue the proper parties for the prospective injunction relief she seeks. According to the defendants, only the Board of Trustees of State Institutions of Higher Learning or the Chancellor of the University have the authority to provide the plaintiff reinstatement. The court, however, finds evidence to the contrary. At the January 14, 2003 hearing on these motions, the plaintiff directed the court to testimony of defendants Khan and Walker indicating their authority to hire. The court finds dismissal of the plaintiff's injunctive relief claim improper, at least at this stage of the litigation, under Rules 12(b)(1) and 12(b)(6).

The court finds that the individual defendants are entitled to the protection of qualified immunity to any claims against them in their individual capacities. The plaintiff has not met the heightened pleading requirement necessary to overcome a qualified immunity defense. *See Elliot v. Perez*, 751 F.2d 1472 (5th Cir. 1985). "A plaintiff must clear a significant hurdle to defeat qualified immunity." *Brown v. Lyford*, 243 F.3d 185, 190 (5th Cir. 2001).

The plaintiff alleges that the defendants discriminated against her in violation of the ADA. The plaintiff's ADA claim is barred by the Eleventh Amendment just as the plaintiff's Section 1983 claim is barred. The Supreme Court held in *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 360 (2001), that the Eleventh Amendment bars federal employment discrimination suits against a state based on disability. The court must therefore dismiss the plaintiff's ADA claim.

The court now turns to the plaintiff's Title VII claim asserting discrimination based on national origin and the defendants' supplemental motions to dismiss. The plaintiff did not raise

4

her national origin discrimination claim in her original EEOC charge. The EEOC issued the plaintiff's right to sue letter on November 16, 2011, and closed its investigation, and the plaintiff filed this action on November 30, 2011. A few months later, the plaintiff filed her national origin claim with the EEOC. Courts have consistently held that once the EEOC has issued a right to sue letter and closed its investigation, the charge cannot be amended. *See, e.g., Lowe v. American Eurocopter, LLC*, 2010 WL 5232523, at *3 (N.D. Miss. Dec. 16, 2010); *Hazeur v. Fed. Warranty Serv. Corp.* 2000 WL 365013, at *1-2 (E.D. La. Apr. 7, 2000).

In response to the defendants' supplemental motions to dismiss, the plaintiff asserts that her national origin claim was not an amended or supplemental charge (despite referring to it as such in the Amended Complaint) but a "new" charge. The plaintiff's original charge, filed on March 21, 2011, stated that the plaintiff's last contact with the University was on December 9, 2010, when the University refused to rehire her. She now claims that the relevant events occurred in March 2011 and are ongoing. The plaintiff has failed to demonstrate how the adverse action is ongoing. Although the court views December 9, 2010, as the date on which the plaintiff's claims accrued, assuming arguendo that the effective date fell in March 2011, the plaintiff's second EEOC charged was nevertheless filed well outside the 180-day limitations period, and the plaintiff has not convinced the court of any adequate reason to toll that deadline. For these reasons, the plaintiff's Title VII claim must be dismissed.

Finally, the plaintiff seeks recovery against the defendants for a civil conspiracy violation under state law. To the extent the plaintiff seeks recovery against the defendants in their official capacities, the defendants are immune from suit. In *Raygor v. Regents of the Univ. of Minnesota*, 534 U.S. 533, 541-42 (2002), the Supreme Court held that federal courts cannot exercise

5

supplemental jurisdiction over state-law claims being pursued by private citizens against non-consenting state entities. To the extent the plaintiff seeks recovery against the individual defendants in their individual capacities, the court retains jurisdiction at this time but will decline to exercise jurisdiction if the plaintiff's claim for injunctive relief under Section 1983 is disposed of during the course of this litigation. The Fifth Circuit's general rule is that a district court decline jurisdiction when all federal claims are dismissed before trial. *See Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 601-02 (5th Cir. 2009). Because a federal claim remains pending, the court determines that it should retain jurisdiction of the state law claim at this time.

## Conclusion

For the foregoing reasons, the court finds that the plaintiff's claims for money damages under Section 1983, her ADA claim, her Title VII claim, and her state law claim against the defendants in their official capacities should be dismissed. A separate order in accord with this opinion shall issue this day.

This, the 8th day of February, 2013.

    /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**